Stephen F. Roth
Alexander Solo
Joseph V. Hajjar
LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
20 Commerce Drive
Cranford, NJ 07016
Tel: 908.654.5000
*Attorneys for Plaintiff Ginarte Gallardo Gonzalez & Winograd, LLP*

**Document Filed Electronically**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GINARTE GALLARDO GONZALEZ & WINOGRAD, LLP, Plaintiff, v. GORAYEB & ASSOCIATES, PC, Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff, Ginarte Gallardo Gonzalez & Winograd, LLP, through its counsel, hereby submits this Complaint against Defendant, Gorayeb & Associates, PC, and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action in which the Plaintiff is seeking pecuniary and injunctive relief from acts of the Defendant arising under the trademark and unfair competition laws of the United States, Section 43 of the Lanham Act, 15 U.S.C. § 1125, for infringement

of Plaintiff's unregistered trademark, and for related claims under the common law of the State of New York arising out of the same operative facts.

2. Jurisdiction is proper in this Southern District of New York pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b), and 15 U.S.C. §§ 1116 and 1121. This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over the Defendant because Defendant advertises and offers services, including the services at issue in this Complaint, within the state of New York and this District, and also because Defendant has committed tortious acts causing injury within the State while regularly doing or soliciting business in the State, and/or should reasonably expect its tortious acts to have consequences in the State and derive substantial revenue from interstate or international commerce. Alternatively, the Court has personal jurisdiction over the Defendant pursuant to FRCP 4(k)(2).

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c) because Defendant is subject to personal jurisdiction in this District.

## PARTIES

5. Plaintiff Ginarte Gallardo Gonzalez & Winograd, LLP ("Ginarte") is a law firm servicing New York and New Jersey, having places of business at various locations, including but not limited to 233 Broadway, 24 Floor, New York, NY 10279 and 400 Market Street, Newark, NJ 07105.

6. Defendant Gorayeb & Associates, PC ("Gorayeb"), is a New York law firm, having a place of business at 100 William Street, 19th Floor, New York, NY 10038.

**GINARTE AND THE FIRM'S TRADEMARK**

7. Ginarte is a well-known law firm, famed for representing clients in various fields of law, particularly construction accident lawsuits.

8. Ginarte has built a vast team across several locations in the states of New York and New Jersey. Ginarte has established itself as a premier law firm through its successes and client recognition in construction accident law.

9. For more than 20 years, Ginarte has engrained itself in the minds of the public through a catchy and memorable tagline targeting the Spanish-speaking community: ACCIDENTE DE CONSTRUCCIÓN, GINARTE ES LA SOLUCIÓN. This tagline is, still today, widely marketed in both the spoken and written word. Instances of this tagline can be heard on radio broadcasts and seen on commercial video advertisements on television, and in numerous locations on Ginarte's website.

10. Three examples of use of the tagline on Ginarte's website are illustrated below:









11. In the first and second images, the ACCIDENTE DE CONSTRUCCIÓN, GINARTE ES LA SOLUCIÓN tagline is written in bold lettering isolated from the informational text. Importantly, the distinction of the text indicates Ginarte's consideration of the phrase as a service mark with which consumers should associate the Ginarte brand.

12. Similarly in the third image, the tagline is written in all upper case, further distinguishing the phrase from surrounding text. The third image shows Ginarte's contact page telling potential new clients to "remember, most importantly" EN ACCIDENTES DE CONSTRUCCIÓN, GINARTE ES LA SOLUCIÓN.

13. Ginarte's tagline is protected by federal statute and state common law as a service mark because it is strongly associated with Ginarte due to its lengthy use in an

attention-grabbing manner that emphasizes the phrase and distinguishes it from surrounding informational content.

14. Members of the public, legal community, media, and most importantly, workers and prospective clients in the Spanish-speaking construction business, associate the tagline/mark exclusively with the Ginarte law firm and the excellent services provided by the firm. As a result, the tagline/mark has become an important asset of Ginarte, and has come to represent Ginarte's goodwill, reputation, and success.

## DEFENDANT'S WRONGFUL ACTS

15. Gorayeb is a New York-based law firm providing legal services in several fields, including construction accident law. Gorayeb similarly advertises to the Spanish-speaking community to promote its services with construction accident lawsuits.

16. Gorayeb has produced and released a 30-second video advertisement which has aired on at least the Univision and Telemundo networks. There is no doubt that Gorayeb copied Ginarte's tagline and simply altered the tagline to "Accidentes de construcción, Gorayeb es la solución."

17. In comparing Gorayeb's 30-second video advertisement to one of Ginarte's 30-second video advertisements, the two videos bear striking similarities. For example, Ginarte's and Gorayeb's use of the tagline is at the same timeframe. In both 30-second videos, the Ginarte tagline and the infringing Gorayeb tagline are delivered at the 24-second mark by a spokesperson speaking directly into the camera, as shown in the screenshots reproduced below.




18. Moreover, the look and feel of Gorayeb's advertisement clearly copies Ginarte's use, including the scenes selected and the order of presentation, down to the construction workers wearing law-firm branded yellow shirts.

19. Gorayeb has aired the video advertisements on popular television networks such as Univision and Telemundo. Additionally, Gorayeb has posted the infringing video to its YouTube page, available to anyone with access to the internet.

20. To avoid individuals and consumers being confused as to the tagline's association with Gorayeb, counsel for Ginarte contacted Gorayeb with a letter sent via electronic mail on November 13, 2020. The letter demanded Gorayeb cease and desist the promotion of Gorayeb's infringing video advertisement to the general public on all mediums through which the video is offered. Counsel was retained by Gorayeb and receipt of the letter was acknowledged on November 17, 2020. Since receiving the letter, Gorayeb has not conformed to the demands of the letter nor provided a substantive response demonstrating an intent to conform.

21. Despite notice and demand to cease and desist, Gorayeb continues to promote the infringing video on at least the above-mentioned television networks and its

YouTube page to be available to the general public, willfully infringing Ginarte's trademark.

## FIRST CLAIM FOR RELIEF

**Unfair Competition In Violation of 15 U.S.C. § 1125(a), Lanham Act § 43(a)**

22. Ginarte repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

23. On information and belief, Gorayeb has promoted, and continues to promote, a video advertisement using Ginarte's trademarked tagline. The video advertisement is marketed widely to the New York and New Jersey public.

24. Gorayeb's use of the mark in connection with offering its services constitutes false designation of origin and false description or representation that tends to falsely describe and represent its services as in some way sponsored, authorized, approved, or affiliated with those of Ginarte.

25. Upon information and belief, prospective clients of Ginarte, or friends and family of such clients that may counsel them, viewing Gorayeb's advertisement, are likely to be confused that Gorayeb is sponsored, authorized, approved, or affiliated with Ginarte, and/or the services provided by Gorayeb firm have the same quality, recognition, experience, and success as the Ginarte firm has built over its decades of legal practice.

26. Gorayeb's use of the tagline in the video advertisement is likely to cause confusion, mistake and deception among the general purchasing public as to the origin of Gorayeb's services, and is likely to deceive the public into believing that the services

being offered by Gorayeb originate from, are associated with, or are otherwise authorized by Ginarte.

27. Gorayeb's false misrepresentation constitutes acts of unfair competition in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

28. Upon information and belief, discovery will show that the aforesaid acts of Gorayeb were committed willfully, knowingly, maliciously, and/or in conscious disregard of its legal obligations to Ginarte.

29. The aforesaid conduct of Gorayeb has caused, and unless restrained by this Court will continue to cause, immediate, great, and irreparable injury to Ginarte's property and business.

30. Ginarte has no adequate remedy at law and, if Gorayeb's activities are not enjoined, Ginarte will continue to suffer irreparable harm and injury to its goodwill and reputation.

**SECOND CLAIM FOR RELIEF**

**Unlawful Deceptive Acts and Practices**

**(New York General Business Law § 349)**

31. Ginarte repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

32. Gorayeb, without Ginarte's authorization or consent, and having knowledge of Ginarte's well-known and prior rights in the above-described tagline, and the fact that Gorayeb's infringing video advertisement uses a nearly identical tagline in a substantially

similar video to that of Ginarte is in direct competition with Ginarte's marketing of a genuine brand of services and in violation with New York General Business Law § 349.

33. Gorayeb's deceptive acts and practices involve public sales activities of a recurring nature.

34. Ginarte has no adequate remedy at law and, if Gorayeb's activities are not enjoined, Ginarte will continue to suffer irreparable harm and injury to its goodwill and reputation.

**THIRD CLAIM FOR RELIEF**

**Common Law Trademark Infringement**

35. Ginarte repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

36. As a result of Ginarte's hard work and investments in producing, providing and promoting Ginarte's legal services, Ginarte has built-up valuable goodwill in the Ginarte brand. As such, the Ginarte tagline has become associated with Ginarte's high-quality services, and it has come to symbolize the reputation for excellence of the Ginarte legal services.

37. Gorayeb's unauthorized use of the Ginarte tagline is likely to and does permit Gorayeb to pass off its infringing services to the general public to the detriment of Ginarte and the unjust enrichment of Gorayeb. Such acts by Gorayeb have caused and continue to cause confusion as to the source and/or sponsorship of the infringing services.

38. Gorayeb's acts constitute willful infringement of Ginarte's exclusive rights in the tagline, in violation of state common law.

39. As a direct and proximate result of Gorayeb's conduct, Ginarte has suffered damage to its valuable trademark in an amount to be ascertained at trial.

40. Ginarte does not have an adequate remedy at law, and will continue to be damaged by Gorayeb's sale of the infringing services unless this Court enjoins Gorayeb from such fraudulent business practices.

## FOURTH CLAIM FOR RELIEF

## Common Law Unfair Competition

41. Ginarte repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

42. As a result of Ginarte's hard work in producing, providing and promoting Ginarte's legal services, Ginarte has built-up valuable good will in the Ginarte brand. As such, the Ginarte tagline has become associated with Ginarte's services.

43. Gorayeb, with full knowledge of the fame of Ginarte's service mark, intended to and did trade on the good will associated with the Ginarte service mark.

44. Gorayeb's acts have misled and continue to mislead and deceive the public as to the source of the infringing service, permit and accomplish palming off of the infringing service as those of Ginarte, and falsely suggest a connection with Ginarte.

45. Therefore, Gorayeb has committed unfair competition in violation of state common law.

46. As a direct and proximate result of Gorayeb's conduct, Ginarte has suffered damage to its valuable trademark in an amount to be ascertained at trial.

47. Ginarte does not have an adequate remedy at law, and will continue to be damaged by Gorayeb's sale of the infringing services unless this Court enjoins Gorayeb from such fraudulent business practices.

## PRAYER FOR RELIEF

WHEREFORE, Ginarte requests the following relief:

A. a permanent injunction enjoining Gorayeb and its officers, employees, servants, and agents, and all persons in active concert or participation with them, from using the ACCIDENTE DE CONSTRUCCIÓN, GINARTE ES LA SOLUCIÓN service mark or any other phrase or trademark that would be confusingly similar to Ginarte's trademark;

B. an award of compensatory damages arising out of Gorayeb's infringement and a trebling or enhancing of such award as provided by applicable laws;

C. a direction to Gorayeb to deliver up to Ginarte for destruction all physical or electronic materials that contain any use of the tagline;

D. an award to Ginarte of its reasonable attorney fees and costs in the action; and

E. such other and further relief as the Court may deem just and necessary.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), plaintiff hereby demands a trial on all issues so triable herein.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Ginarte Gallardo Gonzalez & Winograd, LLP.*

Dated: December 9, 2020

By: s/ Alexander Solo
Alexander Solo
Tel: 908.654.5000
E-mail: sroth@lernerdavid.com
asolo@lernerdavid.com
jhajjar@lernerdavid.com
litigation@lernerdavid.com